# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:  Case No. 6:15-bk-01284-KSJ
        Chapter 11

FREDERIC GEORGE SCHAUB

      Debtor.
_____/

C&G REAL ESTATE GROUP, INC., a Florida corporation

      Plaintiff,

v.  Adv. Proc. No.: 6:15-ap-00044-KSJ

HANOVER HOMES OF WINTER PARK, LLC, a Florida limited liability company, ARLINGTON HOMES, LLC, a Florida limited liability company, and FRED SCHAUB, an individual,

      Defendants.
_____/

## DEFENDANT/DEBTOR, FRED SCHAUB'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant/Debtor's, FRED SCHAUB ("Debtor" or "Defendant"), by and through his undersigned counsel, hereby files his answer and affirmative defenses to Plaintiff's, C&G REAL ESTATE GROUP, INC., a Florida corporation ("Plaintiff"), Amended Complaint, and states:

### JURISDICTIONAL ALLEGATIONS, VENUE, AND THE PARTIES

1. Admitted for jurisdictional purposes only and for all other purposes denied.

2. Denied.

3. Denied.

4. Denied.

24237901 v2

5. Denied.

6. Admitted.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. No response required.

15. Admitted for venue purposes, and for all other purposes denied.

16. Denied.

## FACTUAL ALLEGATIONS

**A.** **Breach of the Oral Loan from CGREG to the Defendants**

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied

25. Denied. Exhibit A speaks for itself.

26. Without knowledge as to Hanover Homes, Arlington Homes, and Arlington Homes of Winter Park, therefore denied. As to Debtor, denied.

27. Denied.

28. Denied.

**B.    Monies Owed to CGREG as a Fifty Percent (50%) Owner of Arlington Homes**

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied. Exhibit B and Exhibit C speak for themselves.

39. Denied.

40. Denied.

41. Denied. Florida Statutes § 608.426 and § 608.4261 speak for themselves.

42. Denied.

43. Denied.

## COUNT I - BREACH OF ORAL LOAN AGREEMENT

44. Defendant/Debtor, Fred Schaub, realleges and incorporates by reference its response to paragraphs 1 through 43 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, Defendant/Debtor, Fred Schaub, hereby requests that this Court deny the relief sought by the Plaintiff, and such other and further relief as this court deems just and proper.

### COUNT II - VIOLATION OF SECTIONS 608.426 AND 608.4261, FLORIDA STATUTES

52. Defendant/Debtor, Fred Schaub, realleges and incorporates by reference its response to paragraphs 1 through 43, as set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Defendant/Debtor, Fred Schaub, hereby requests that this Court deny the relief sought by the Plaintiff, and such other and further relief as this court deems just and proper.

## COUNT III - BREACH OF FIDUCIARY DUTY

62. Defendant/Debtor, Fred Schaub, realleges and incorporates its response to paragraphs 1 through 43 as set forth herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

WHEREFORE, Defendant/Debtor, Fred Schaub, hereby requests that this Court deny the relief sought by the Plaintiff, and such other and further relief as this court deems just and proper.

## COUNT IV - ACCOUNTING

69. Defendant/Debtor, Fred Schaub, realleges and incorporates its response to paragraphs 1 through 43 as set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

WHEREFORE, Defendant/Debtor, Fred Schaub, hereby requests that this Court deny the relief sought by the Plaintiff, and such other and further relief as this court deems just and proper.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense - Failure to Perform Conditions Precedent

Plaintiff failed to perform all conditions precedent to bringing these causes of action, including without any limitation, any required notices and written agreements required as a matter law or by agreement of the parties.

#### Second Affirmative Defense - Statute of Frauds

Plaintiff's breach of contract action is barred by the Statute of Frauds.  As indicated by the Statute of Frauds, the alleged oral contract of Plaintiff and the parties to this action, as alleged in the Amended Complaint, would be in excess of one year, thus requiring any agreement to be in writing.  Furthermore, there is no written contract between Debtor and any party to this action whatsoever, including an agreement to pay for the debt of any of the parties to this action.  Any such agreement would be barred by the statute of frauds. No written contracts are plead or provided by Plaintiff in the Amended Complaint. Thus, the breach of contract action is barred.

#### Third Affirmative Defense – Waiver

Plaintiff has waived his right to bring these causes of action, as Plaintiff had actual and

constructive knowledge of the business relationships of the parties and the financial situation of the parties. Moreover, Plaintiff never had a valid and enforceable agreement which entitles it to the relief sought. This knowledge, actual and/or constructive, waives any cause of action pled by Plaintiff.

### Fourth Affirmative Defense – Estoppel

Plaintiff is estopped from bringing these causes of action due to its own conduct Plaintiff has waived his right to bring these causes of action, as Plaintiff had actual and constructive knowledge of the business relationships of the parties and the financial situation of the parties. Moreover, Plaintiff never had a valid and enforceable agreement which entitles it to the relief sought. Due to this this knowledge, actual and/or constructive, Plaintiff is estopped from raising any cause of action in this litigation.

### Fifth Affirmative Defense – Unclean Hands

Plaintiff is barred from the relief sought in the complaint by the doctrine of unclean hands.

### Sixth Affirmative Defense – Violation of Fundamental Contract Law Principles

Count I for breach of an oral agreement fails. To state a cause of action for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually agreed to certain and definite proposition and left no essential terms open. The allegations provided by Plaintiff are general, and do not provide specific information to indicate the terms of the alleged verbal contract with Defendants, including the requisite elements of time and place. Plaintiff has failed to allege necessary allegations for an oral agreement including when the oral agreement was made, who it was made to, and the terms of the oral agreement. Furthermore, Count I alleges breach of an oral contract against three separate entities, and

Debtor, with collective damages in excess of $980,000, and fails to allege the basis of liability therefore, including the joint and several liability of all Defendants each for the other's alleged contracts and breaches. Where, as here, the essential terms to an alleged oral contract remain open, there is no enforceable contract.

### Seventh Affirmative Defense – Statute of Frauds for Joint Venture

Plaintiff's Count I of the Complaint attempts to allege some sort of oral agreement for the loaning of money, but, in reality, it alleges a business or joint venture. For example, Plaintiff asserts that it lent monies to unspecified defendants, and that it was to receive "25% of any monies received by any of the Arlington Homes Entities net of costs". *See Amended Complaint, Exhibit A*. Plaintiff is disguising a partnership and/or joint venture as an oral agreement for money lent. An oral agreement to operate a business is barred by Florida's statute of frauds. *See* §725.01, Florida Statutes. As verbal joint ventures to run a business are not permitted by law and Plaintiff has not alleged nor provided any written documents, there is no enforceable verbal agreement. Furthermore, there is no written contract between Debtor and any party to this action whatsoever, including an agreement to pay for the debt of any of the parties to this action. Any such agreement would be barred by the statute of frauds.

### Eighth Affirmative Defense – Lack of Standing to Bring Counts II and IV

Plaintiff bases its claims in Counts II and IV on its alleged membership interest in Arlington Homes, LLC and the distribution procedures for Arlington Homes, LLC. Plaintiff has not established standing to bring Counts II, III and IV nor has Plaintiff established the proper distribution procedures.

**Ninth Affirmative Defense - Failure to State a Cause of Action**

Plaintiff has failed to allege facts sufficient to state any cause of action against Debtor. In its Count I for Breach of Oral Contract, Plaintiff has failed to allege any meeting of the minds to form the existence of the alleged contract, the terms of the agreement, the actions taken by each defendant, and the time and place of such allegations. The allegations provided by Plaintiff are general, and do not provide specific information to indicate the terms of the alleged verbal contract with defendants, including any contract with Debtor or any agreement by Debtor to be responsible for the alleged debts of the other defendants.

**Tenth Affirmative Defense - Damages**

Plaintiff has not suffered any damages by any action or lack or action by Debtor. Debtor has not performed any act directly nor proximately to cause any damages to Debtor. To the extent any damages are claimed by Plaintiff, such damages are not Debtor's direct or proximate cause, but were the direct or proximate cause of Plaintiff's own conduct and/or the conduct of third parties not related to Debtor.

**Eleventh Affirmative Defense – Mitigation of Damages**

Plaintiff has failed to mitigate damages, if any.

**Twelfth Affirmative Defense – Failure of Consideration**

There is a failure of consideration. To the extent there is any agreement between the parties and Plaintiff as alleged in the Amended Complaint, or between the party-defendants and Debtor to be responsible for the debts of the party-defendants, there was a failure of consideration for any such alleged agreement.

**Thirteenth Affirmative Defense – Statute of Limitations**

Plaintiff's causes of action are barred by the applicable statute of limitation and/or laches.

**Fourteenth Affirmative Defense – Setoff**

To the extent Plaintiff has received any monies from third parties, Debtor demands a setoff of any monies owed.

WHEREFORE, Defendant/Debtor, Fred Schaub, hereby requests a judgment against Plaintiff, C&G REAL ESTATE GROUP, INC., a Florida corporation, for his costs and attorneys' fees, where applicable by statute, and for such other and further relief as this Court deems just and proper.

Dated this 28th day of May, 2015.

Respectfully submitted,

/s/ Howard S. Marks
**HOWARD S. MARKS, ESQ.**
Florida Bar Number:  0750085
Email:  hmarks@burr.com
Secondary Email: dmmorton@burr.com
**MICHAEL A. NARDELLA, ESQ.**
Florida Bar Number:  51265
Email:  mnardella@burr.com
Secondary Email:  ahutchinson@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone:  (407) 540-6600
Facsimile:   (407) 540-6601

**ATTORNEYS FOR DEFENDANT/DEBTOR, FRED SCHAUB**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system on May 28, 2015 to:  James A. Timko, Esq., Shutts & Bowen, LLP, 200 S. Orange Ave., Suite 1000, Orlando, FL 32801.

/s/ Howard S. Marks
Howard S. Marks, Esq.